UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

EDISON CASTAÑEDA FLOREZ,

          Petitioner-Plaintiff,

-against-

THOMAS DECKER, in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement; CHAD WOLF, in his official capacity as Acting Secretary, U.S. Department of Homeland Security; WILLIAM P. BARR, in his official capacity as Attorney General, U.S. Department of Justice; MICHAEL RUSSO, in his official capacity as Warden, Bergen County Jail,,

          Respondents-Defendants.

No. 20-CV-8699 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    This case has been assigned to me for all purposes.

    On October 19, 2020, Petitioner-Plaintiff Edison Castaneda Florez petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Castaneda Florez contends that his current detention by Immigration and Customs Enforcement ("ICE") violates the United States Constitution because his prolonged detention without an individualized bond hearing violates his right to procedural due process, and because Respondents-Defendants' deliberate indifference to his serious medical needs, namely the grave risk that COVID-19 presents due to his severe obesity and mental illness, violates his right to substantive due process.

    According to his petition, Mr. Castaneda Florez is presently detained at the Bergen County Jail in Hackensack, New Jersey, a non-federal facility at which he is held at the direction

of, and pursuant to, a contract between the federal government and Bergen County. Mr. Castaneda Florez maintains that venue properly lies in the Southern District of New York, and that Respondent-Defendant Thomas Decker, the Director of ICE's New York Field Office, is his immediate custodian and the proper respondent.

Although neither the Supreme Court nor the Second Circuit has determined whether the "immediate custodian rule" applies in the immigration habeas context, most, but not all, judges in this District have so ruled. *Compare S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 410 (S.D.N.Y. 2018); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989 (S.D.N.Y. Dec. 5, 2018); *Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523 (S.D.N.Y. Nov. 13, 2018); *Chan Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850 (S.D.N.Y. Sept. 15, 2017); *Adikov v. Mechkowski*, No. 16 Civ. 3797 (JPO), 2016 WL 3926469 (S.D.N.Y. July 18, 2016); *Bacuku v. Shanahan*, No. 16 Civ. 0305 (LGS), 2016 WL 1162330 (S.D.N.Y. Mar. 1, 2016) *with Grant v. Decker*, No. 20 CIV. 2946 (AKH), 2020 WL 3402445 (S.D.N.Y. June 19, 2020); *Arias v. Decker*, No. 20 Civ. 2802 (AT), 2020 WL 2306565 (S.D.N.Y. May 8, 2020); *Rodriguez Sanchez v. Decker*, No. 18-CV-8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019) .

This Court has on numerous occasions transferred such cases to the district in which petitioner was confined at the time he filed his petition, on the basis of the immediate custodian rule. *See, e.g. Sanchez v. Decker*, No. 19-cv-8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Kolev v. Sessions,* No. 17-cv-9477 (RA), 2019 WL 1748436 (S.D.N.Y. Apr. 16, 2019); *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642 (S.D.N.Y. Jan. 28, 2019). In each such case, this Court found that the petitioner's proper custodian was the warden of the New Jersey facility where she was detained rather than the New York field office director who

exercised legal authority over her immigration case.  The Court is therefore inclined to transfer this matter to the District of New Jersey.  It is hereby:

ORDERED that no later than November 2, 2020, Petitioner shall demonstrate why this case is distinguishable from the cases cited above, and why venue is proper in the Southern District of New York.  The government may respond by November 9, 2020.

SO ORDERED.

Dated:     October 26, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge